UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

JONATHAN JERRY ROMAN KUJAK,                Civil No. 13-786 (JNE/JJK)

      Plaintiff,

v.                                         **REPORT AND RECOMMENDATION**

HTTP://WWW.MNCIS.COM,

      Defendant.
_____

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   BACKGROUND**

Plaintiff is attempting to sue a Defendant identified as "Http://www.MNCIS.COM." The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "7.   I know I have a common law copyright and common law trademark for 'Jonathan Jerry Roman Kujak' in conjunction with '11/15/1981.' I know I have used these common law copyright and trademark for 24 years. I know these are private and exclusively not for public or private use except by the rightful owner."

(Complaint, [Docket No. 1], p. 4.)

Based on these few cryptic allegations alone, Plaintiff is seeking legal redress described as follows:

"Remove and discontinue use of my common law copyright and common law trademark. $7,000,000.00/00."

(Id. p. 4, "Request for Relief.")

## II.  DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state any actionable claim for relief, because it does not allege any specific historical facts that could entitle Plaintiff to any judgment against the named Defendant under any conceivable legal theory.  The complaint does not describe anything that Defendant did (or failed to do) that could be

viewed as a violation of any federal law or doctrine.[1]

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not described any facts that could entitle him to any legal redress against the named Defendant (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court must recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

Finally, the Court notes that Plaintiff has now filed three patently defective complaints during the past few months. (See Kujak v. Minnesota, Civil No. 12-2676 (ADM/AJB), and Kujak v. Astrue, Civil No. 13-636 (PAM/JJG).) Given Plaintiff's woeful litigation record, it could become necessary to restrict his ability to file more cases in this District. Although the Court will not recommend that any restrictions be imposed at this time, Plaintiff is now forewarned that if he files any more plainly deficient complaints in this District, he could be barred from commencing any further actions without first receiving

---

[1] The Court acknowledges Plaintiff's assertion that federal subject matter jurisdiction exists under the diversity of citizenship statute, (28 U.S.C. § 1332), but that assertion is plainly belied by Plaintiff's subsequent assertion that both of the parties in this case are Minnesota residents. (See Complaint, p. 3, §§ 3-6.) Thus, the Court assumes that Plaintiff actually is attempting to bring this case in federal court under the "federal question" statute, (28 U.S.C. § 1331). However, Plaintiff has not identified any federal law on which his current lawsuit could be based. Moreover, even if diversity jurisdiction could be established, this action still would have to be dismissed, because Plaintiff also has not identified any state law on which this lawsuit could be based.

pre-authorization from a judge.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   April 5, 2013

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 19, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.